IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BURTON DUPUY & <br> YVONNE DUPUY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06cv00355 (CKK) <br> ) <br> ) <br> ) <br> ) |

### UNITED STATES' OPPOSITION TO PLAINTIFFS' RESPONSE TO APRIL 7, 2006 ORDER TO SHOW CAUSE

This is a civil action in which the *pro se* plaintiffs allege that the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code, and seek damages under 26 U.S.C. § 7433. Plaintiffs' response to the Court's April 7, 2006 order to show cause why the Court has subject-matter jurisdiction fails to demonstrate that the Court has jurisdiction.

STATEMENT

1. <u>Introduction & background</u>. This is a civil action in which plaintiffs allege that, beginning with tax year 1986, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection."

2. <u>Response to show-cause order</u>. On April 7, 2006, the Court issued an order requiring plaintiffs to "show cause on or before April 28, 2006, why this Court has subject matter jurisdiction; " to "explain how they have 'exhausted all administrative

1696665.1

remedies;'" and to "attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2)." (Order at 1.) The order also stated that if "plaintiffs fail to respond in [a] timely manner and/or to provide a valid basis for jurisdiction, the Court will dismiss the matter without prejudice." (*Id.* at 1-2.)

Rather than demonstrate that they filed an administrative claim thereby fulfilling the requirement to exhaust administrative remedies, plaintiffs assert they need not exhaust administrative remedies. Alternatively, plaintiffs assert that the regulation is invalid.[1]

ARGUMENT

I.

PLAINTIFFS MUST EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiffs, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), assert that there is an exception to the requirement to exhaust administrative remedies. (Response at 1-10.) Plaintiffs' reliance is misplaced.

It is well established that under the doctrine of sovereign immunity, suits cannot be brought against the United States unless it has expressly consented to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of the United States' consent

---

[1] Plaintiffs may also be attempting to assert jurisdiction under the Administrative Procedures Act ("APA"). (Response at 18.) The APA does not provide jurisdiction. Actions under the APA are barred if they concern the assessment or collection of federal taxes, as this action does. *See Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).

to be sued define the court's jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Further, the waiver of sovereign immunity must be unambiguously expressed, and it cannot be implied. *United States v. Dalm*, 494 U.S. 596, 607 (1990). The waiver of the United States' sovereign immunity may not be enlarged, and its consent to be sued must be construed strictly in favor of the sovereign. *United States v. Nordic Village*, 503 U.S. 30, 34 (1992).

In waiving its immunity from suit, the United States may attach such conditions to the waiver as it deems proper, and in order to institute a suit against the United States, there must be strict compliance with all those conditions. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991).2/

---

2/ Assuming *arguendo* that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiffs failed to demonstrate that waiver is appropriate. In a similar case, the court found that, assuming the exhaustion requirement were "non-jurisdictional," plaintiffs failed to meet the high standards necessary to demonstrate that waiver is appropriate. *See Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, *9-12 (D.D.C. 2006). They assert that the IRS has articulated a clear position it is unwilling to consider. (Response at 1.) Plaintiffs fail to assert that they attempted compliance with the regulation by submitting a valid administrative claim, thus the IRS has not articulated a clear position that it will not consider any administrative claim for damages. Moreover, plaintiffs failed to demonstrate that their "interest[] in immediate judicial review outweigh[s] the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further[;]" or that their "administrative remedy is 'inadequate'." *See, e.g., Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907, * 12.

II.

THE REGULATION IS VALID.

Plaintiffs assert that they need not exhaust administrative remedies as the regulation is invalid. (Pl. Opp. at 3, 10-18.) This is incorrect; the regulation is valid. Plaintiffs allege that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim." (Pl. Opp. at 3.) Plaintiffs' claim of regulatory invalidity fails for two reasons.

First, because plaintiffs have not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, their claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial

proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section

7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.3/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress' mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

---

    3/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

CONCLUSION

Plaintiffs have not shown that this Court has subject-matter jurisdiction, as the Court's show-cause order required them to do. Therefore, the Court should dismiss their complaint.

DATE: May 12, 2006.

Respectfully submitted,

 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO PLAINTIFFS' RESPONSE TO APRIL 7, 2006 ORDER TO SHOW CAUSE was caused to be served upon plaintiffs *pro se* on the 12th day of May, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>BURTON DUPUY
>YVONNE DUPUY
>Plaintiffs *pro se*
>147 Von Orange Lane
>Natchitoches, LA 71457

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1696665.1