IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BURTON DUPUY & <br> YVONNE DUPUY, <br>     Plaintiffs, <br>   v. <br> UNITED STATES, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06cv00355 (CKK) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' Complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: July 25, 2006.          Respectfully submitted,

                                             /s/ Jennifer L. Vozne
                                           JENNIFER L. VOZNE
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 227
                                           Washington, DC  20044
                                           Phone/Fax:  (202) 307-6555/514-6866
                                           Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BURTON DUPUY & YVONNE DUPUY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No: 1:06cv00355 (CKK) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs allege that, beginning with tax year 1986, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection" of federal taxes.

QUESTION PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Burton and Yvonne Dupuy, filed a complaint on February 27, 2006. On April 7, 2006, the Court issued an order requiring plaintiffs to "show cause on or before April 28, 2006, why this Court has subject matter

jurisdiction; " to "explain how they have 'exhausted all administrative remedies;'" and to "attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2)." (Order at 1.) Rather than demonstrate that they filed an administrative claim thereby fulfilling the requirement to exhaust administrative remedies, plaintiffs asserted they need not exhaust administrative remedies. Alternatively, plaintiffs assert that the regulation is invalid. The United States responded to plaintiffs' assertions on May 12, 2006.

    2. <u>Relief sought in the complaint</u>. Plaintiffs allege that in connection with the collection of federal tax beginning "with 'tax year' 1986," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code. (Compl. ¶¶ 1, Counts 1-30.) Plaintiffs seek damages on account of "reprehensible, egregious, and vexatious behavior of the defendant." (Compl. ¶ 29.)<u>1</u>/

### ARGUMENT

#### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek damages (Compl. ¶ 29.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative

---

    <u>1</u>/  Plaintiffs also may be seeking declaratory relief. (*See* Compl. ¶ 28.) If so, declaratory relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service*." 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written

administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).2/

---

2/ The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiffs assert that they "may forego exhausting administrative remedies that are either futile or inadequate[.]" (Compl. ¶ 6.) Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

II.

THE REGULATION IS VALID.

Plaintiffs assert that they need not exhaust administrative remedies as the regulation is invalid. (Pl. Resp. to Order to Show Cause at 3, 10-18.) This is incorrect; as explained in the United States' opposition to plaintiffs' response to the April 7, 2006 order to show cause, the regulation is valid. *See also Broward v. United States*, 2006 WL 1827733 * 3 (D.D.C. 2006); *Zook v. United States*, 2006 WL 1890018 * 2-3 (D.D.C. 2006).

//

//

//

---

jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

CONCLUSION

Because the Court lacks jurisdiction over their complaint, the complaint should be dismissed.

DATE: July 25, 2006.

                    Respectfully submitted,

                    /s/ Jennifer L. Vozne
                    JENNIFER L. VOZNE
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Washington, DC  20044
                    Phone/Fax:  (202) 307-6555/514-6866
                    Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS COMPLAINT, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 25th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>BURTON DUPUY
>YVONNE DUPUY
>Plaintiffs *pro se*
>147 Von Orange Lane
>Natchitoches, LA 71457

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1825628.1