IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BURTON DUPUY & <br> YVONNE DUPUY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06cv00355 (CKK) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' OPPOSITION TO MOTION TO VACATE DISMISSAL**

This is a civil action in which plaintiffs allege that, beginning with tax year 1986, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection" of federal taxes.

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Burton and Yvonne Dupuy, filed a complaint on February 27, 2006. On July 25, 2006, the United States filed a motion to dismiss. By order dated August 24, 2006, the Court advised plaintiffs that they had up to and including September 15, 2006 to file an opposition to the motion to dismiss. The Court also indicated that it would treat the motion as conceded and dismiss the action if plaintiffs failed to respond. After plaintiffs failed to respond, by order dated October 16, 2006, the action was dismissed.

2. <u>Motion to Vacate</u>. On or about November 20, 2006, plaintiffs filed the instant motion to vacate the order of dismissal under Fed. R. Civ. P. 60(b). Plaintiffs do not

identify the specific reason for relief from the order dismissing the case. Rather plaintiffs appear to assert that exhaustion of administrative remedies is not a jurisdictional prerequisite, thus the case may not be dismissed for lack of subject matter jurisdiction. (Mot. to Vacate at 1-4.) Plaintiffs then assert that ruling on a motion to dismiss for failure to state a claim is premature if made prior to discovery. (Mot. to Vacate at 4-5.) Lastly, plaintiffs state that an allegation of failure to state a claim is an affirmative defense and the defendant must prove the defense. (Mot. to Vacate at 5-6.)

"[A] Rule 60(b) motion will not be granted unless the movant 'can demonstrate a meritorious claim or defense' to the motion upon which the district court dismissed the complaint. It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C Cir. 1995) (citing Lepkowski v. United States Dep't of Treasury, 804 F.2d 1310, 1314 (D.C.Cir.1986)). Plaintiffs have not done so.

First, plaintiffs ignore the fact that the Court dismissed the case as conceded because plaintiffs failed to file an opposition despite an almost three-month opportunity to do so. Second, plaintiffs do not assert that they did in fact exhaust their administrative remedies. Thus, the complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as asserted by the United States in its

motion to dismiss.1/ Third, plaintiffs are clearly incorrect in asserting that "'failure to state a claim' is an 'affirmative defense'." *See* Fed. R. Civ. P. 8.

## CONCLUSION

For the reasons stated above, the reasons asserted in the United States' motion to dismiss, and the reasons stated in the Court's order dismissing the case, plaintiffs' motion to vacate the order of dismissal should be denied.

DATE: November 28, 2006.

                    Respectfully submitted,

                    /s/ Jennifer L. Vozne
                    JENNIFER L. VOZNE
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Washington, DC  20044
                    Phone/Fax:  (202) 307-6555/514-6866
                    Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

1/ Alternatively, assuming *arguendo* that a failure to exhaust is not a jurisdictional issue, then the case is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *See, e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) (Bates); *Ross v. United States*, – F.Supp.2d –, 2006 WL 3250831 (D.D.C. 2006) (Bates).

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO MOTION TO VACATE DISMISSAL and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 28th day of November, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> BURTON DUPUY
> YVONNE DUPUY
> Plaintiffs *pro se*
> 147 Von Orange Lane
> Natchitoches, LA 71457

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

2056519.1