UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BURTON DUPUY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Civil Action No. 06–355 (CKK) |

**ORDER**
(March 6, 2007)

On July 25, 2006, Defendant filed a [9] Motion to Dismiss in the above-captioned case. Plaintiffs are representing themselves, *pro se*. On August 24, 2006, the Court sent Plaintiffs an Order stating that in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. The Court instructed Plaintiffs that they were required to respond to Defendant's Motion to Dismiss no later than September 15, 2006, and that if Plaintiffs did not so respond by that date, the Court would treat the Motion to Dismiss as conceded and dismiss Plaintiffs' Complaint. As of October 16, 2006, no response to Defendant's Motion to Dismiss had been filed by Plaintiffs. Accordingly, via [12] Order dated October 16, 2006, the Court granted as conceded Defendant's [9] Motion to Dismiss and dismissed the instant case in its entirety.

On November 20, 2006, Plaintiffs filed a [13] Motion to Vacate Dismissal, which was opposed by Defendant on November 28, 2006. While Plaintiffs filed their Motion pursuant to

Federal Rule of Civil Procedure 60(b), their Motion appears to be a misapplied template filing created to address some other issue, as the Motion states why Plaintiffs' claims should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). However, the Court's Order very clearly dismissed Plaintiffs' claims and case in its entirety as *conceded*, and not pursuant to either Rule 12(b)(1) or 12(b)(6). Plaintiffs has not demonstrated "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment" with respect to their failure to timely oppose Defendant's Motion to Dismiss and the Court's consequent dismissal of this case on this basis. *See* Fed. R. Civ. P. 60(b).

Accordingly, it is, this 6th day of March, 2007, hereby

ORDERED that Plaintiffs' [13] Motion to Vacate Dismissal is DENIED; it is also

ORDERED that the Clerk of the Court shall mail a copy of this Order to Plaintiffs at 147 Von Orange Lane; Natchitoches, LA 71457.

***This is a final, appealable order.***

*/s/ Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
United States District Judge